**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Tony Taylor, | Court file no. _____ |
| Plaintiff, | |
| v. | **Complaint** |
| Hunter Warfield, Inc., | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

**Jurisdiction**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) for the FDCPA claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

**Parties**

4.     Plaintiff Tony Taylor, is a natural person who resides in St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant Hunter Warfield (hereinafter "Defendant") is a collection agency and business corporation with its principal place of business at 4620 Woodland Corporate Blvd., Tampa, FL 33614, with a registered agent in Minnesota of Corporate Service Company, located at 2345 Rice Street, Suite 230, Roseville, MN 55113. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

**Factual Allegations**

*Background*

6.     In or before 2014, Plaintiff and a co-tenant allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged rental agreement and alleged damages for an apartment.

7.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection.

*Defendant Sends a Collection Letter and Plaintiff Disputes the Debt*

8.   On or about July 17, 2014, Defendant contacted Plaintiff in writing, namely by sending a collection letter, and this letter was "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.   In the letter, Defendant requests payment in the amount of $2,006.43 for an alleged outstanding balance with Beach South, or words to that effect.

10.  This letter was the initial communication from Defendant to Plaintiff. As a result, it contains the "g-notice" required by 15 U.S.C § 1692g et seq.

11.  The next day, on or about July 18, 2014, Defendant contacted Plaintiff via telephone, and this phone call became a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.  Plaintiff verbally disputed the alleged debt and requested validation, or words to that effect.

13.  On or about August 13, 2014, in accordance with his right pursuant to 15 U.S.C. § 1692g, Plaintiff mailed a letter disputing the debt and requesting validation to Defendant.

14.  Plaintiff is informed and believes the letter was delivered to Defendant.

*Defendant Fails to Report the Debt as Disputed*

15.   In or about about October 2014, Plaintiff checked his credit reports.

16.   Defendant reported the alleged debt to all three major credit reporting agencies.

17.   The debt, however, is not listed as "disputed" on any of credit reports.

18.   At least one of the credit reports states the debt was first reported in September 2014.

19.   Plaintiff verbally disputed the debt in July 2014. Plaintiff sent, and Defendant received, a written dispute in August 2014. In other words, Plaintiff disputed the debt before it was ever reported.

20.   By failing to report the debt as disputed, Defendant violated numerous provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10), among others.

*Defendant Sends a False and Misleading Letter*

21.   On or about November 6, 2014, Defendant contacted Plaintiff in writing, namely by sending a collection letter, and this letter was "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.   In the letter, Defendant states that has suspended collection activity and credit reporting on the account until it validated the debt.

23.   Plaintiff is informed and believes that the alleged debt was still being reported by Defendant in November 2014.

24.   By continuing to report the debt without noting it was disputed, and by reporting the debt after claiming it would cease credit reporting, Defendant violated numerous provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10), among others.

**Summary**

25.   All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26.   Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form of emotional distress, including but not limited to: stress, frustration, anxiety, amongst other negative emotions.

## Respondeat Superior Liability

27.    The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

28.    The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

29.    By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant.

30.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## Trial by Jury

31.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.

US Const. Amend. 7; Fed. R. Civ. P. 38.

## Cause of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

32.    Plaintiff incorporates the foregoing paragraphs as though fully stated

herein.

33.    The foregoing intentional and negligent acts and omissions of Defendant

constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the

FDCPA, 15 U.S.C. §§ 1692–1692p.

34.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

each and every Defendant.

## Request for Relief

**Wherefore**, Plaintiff requests that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date:July 31, 2015                    *s/Randall P. Ryder*
Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Tony Taylor having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 6/8/2015

Tony Taylor